The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some modification and additions of their own. Plaintiff here requested the Full Commission to conduct their own hearing and to make their own findings of fact and conclusions of law. Plaintiff further asserts that the Deputy Commissioner failed to make adequate findings. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their modified findings of fact, conclusions of law, and ultimate order.
This cause was set for hearing before the Deputy Commissioner in Beaufort, North Carolina on October 17, 1991 and subsequent thereto submitted to the Deputy Commissioner by stipulation of the parties for determination upon the following stipulated documents and evidence.
1. Deposition of Dr. Howard G. Dawkins dated November 12, 1991.
2. Deposition of Dr. Robert L. Venable dated November 19, 1991.
3. Deposition of Daniel Reynolds, Sr. dated November 5, 1991.
4. Three hundred and thirty-six pages of medical records.
5. Letter of Dr. Humphrey dated November 2, 1991.
6. Stipulation of parties submitting case to the Deputy Commissioner for determination upon stipulated documentation.
* * * * * * * * * * *
The Full Commission modify the findings of fact found by the Deputy Commissioner, as follows:
Based upon the foregoing stipulated material and a Form 21, Settlement Agreement, appearing in the file approved November 10, 1987 and all the competent and convincing evidence in the record, the undersigned makes the following
FINDINGS OF FACT
1. On October 14, 1987, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date(s) the employer-employee relationship existed between the parties.
3. As of said date(s) the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. The plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on October 14, 1987.
5. On said date the plaintiff was earning an average weekly wage of $360.00.
6. On October 14, 1987, the plaintiff sustained serious facial and head injuries when the motor vehicle which he was driving ran off the left hand side of the road and into a tree.
7. Subsequent to October 14, 1987, when the plaintiff sustained his injuries, the plaintiff was provided with medical care and treatment by the defendant which primarily consisted of reconstruction of his lower jaw and the front of his face by surgical intervention.
8. During this period of medical treatment and surgery, the plaintiff was confined to hospital and bed and as a result developed deep venous thrombosis of his left leg which required further medical care and treatment to prevent the formation of blood clots.
9. The plaintiff returned to work part-time in February of 1988 and full-time in late March of 1988.
10. Since March of 1988, the plaintiff has lost time from work on approximately three or four occasions because of necessary medical treatment of his left leg to prevent blood clotting.
11. The plaintiff has been paid by the defendant temporary total disability compensation benefits for the time he lost from work due to his injuries from October 14, 1987, to late March 1988 when he returned to full-time work and also for the several times subsequent to March of 1988 that he was out of work because of the blood clotting problems in his left leg.
12. The defendant has also paid the medical expenses incident to the medical treatment provided to the plaintiff by the defendant for his injuries resulting from the accident on October 14, 1987.
13. The plaintiff has also been paid by the defendant compensation for facial disfigurements in the amount of $4,500.00 which has been awarded by the Commission. The facial disfigurement consists of a drooping eyebrow which is caused by damage to the seventh nerve of the face.
14. In October of 1990, the plaintiff began to loose time from work because of eye problems in the nature of detached retina and on or about May 6 or 7, 1991, was no longer able to maintain his employment with the defendant because of loss of vision.
15. The plaintiff's eye problems are not caused by the accident which he sustained on October 14, 1987.
16. The time the plaintiff has lost from work since October 1990 due to his eye problems and the medical expense incident thereto and his inability to continue to work after May 6 or 7, 1991, is not a result of the injuries sustained by the plaintiff in the accident on October 14, 1987.
17. The injury on October 14, 1987 to the plaintiff's jaw and front of his face has resulted in a malocclusion effecting the plaintiff's ability to chew and eat and said defect in the alignment of his mouth will require ongoing medical expenses for the adjustment of his dentures from time to time and to afford comfort to and effect a cure for the plaintiff's chewing and eating problems.
18. It has been medically prescribed that the plaintiff continue to wear a Jobes support stocking on his left leg and take aspirin and a diuretic in the future to prevent blood clotting in his left leg, and said treatment is necessary as a result of the compensable injury by accident of October 14, 1987 to give relief from or to effect a cure of this thrombosis condition.
19. These defects in plaintiff's mouth and left leg are two conditions caused by the accident on October 14, 1987, and will require future medical treatment to give the plaintiff relief and effect a cure.
20. Plaintiff contends that he is entitled, pursuant to G.S.97-30, to an award of 276 weeks of compensation, which is 300 weeks less the 24 weeks of temporary total disability and temporary partial disability paid by defendants since plaintiff's October 14, 1987 accident. Plaintiff asserts that his wage-earning capacity has been affected in a manner which does not fall within the other statutes.
The undersigned find that plaintiff had returned to work full-time in the same position he had previously occupied — and at the same salary — as manager. It was plaintiff's detached retinas in both eyes and resulting blindness, not some accident-related cause, which ultimately rendered plaintiff unable to work.
21. In the alternative, plaintiff seeks compensation pursuant to G.S. 97-31(24) in the amount of $20,000 [per injury] for the damage done to each of the following:
(a) Thromboplebitis to the left leg (circulatory system);
(b) Damage to the fifth nerve of plaintiff's face;
(c) Class III dental occlusion;
(d) Damage to the seventh nerve resulting in drooping eyebrows; and
(e) Damage to the face resulting in an oral fistula.
These would total to a $100,000 award. The undersigned have reviewed the record as a whole, including deposition testimony, and find that the damage to the fifth nerve and the damage to the seventh nerve are damages to important internal organs. As to the circulatory system problems, Dr. Venable testified that the problem was more one of increased risk for problems down the line than an actual physical limitation affecting him at the current time. The Class III dental occlusion and the oral fistula are damages to important internal organs.
22. There is no loss of wage earning capacity due to the deep venous thrombosis to the left leg. However, the damage to the fifth nerve of plaintiff's face, the Class III dental occlusion, and damage to the face resulting in an oral fistula would all affect one's wage-earning capacity, and there should be fair and equitable compensation for the losses/damage sustained in the amounts of
a) $5,000.00 for damage to the fifth nerve of plaintiff's face.
b) $5,000.00 for the Class III dental occlusion and
c) $5,000.00 for the damage between the upper lip and the nasal area, causing an oral fistula.
d) The plaintiff has been paid compensation for $4,500.00 for the disfigurement resulting in a drooping eyebrow. The undersigned find that any damage to the seventh nerve would not result in any reduction in plaintiff's earning capacity in a greater amount than he has already been compensation for the disfigurement which is caused by the damage to the seventh nerve.
* * * * * * * * * * *
Based upon the foregoing findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, with modification, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. On October 14, 1987, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer. N.C.G.S. 97-2(6).
2. The plaintiff is entitled to no further temporary total disability compensation benefits under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. 97-29.
3. Plaintiff's capacity to earn a weekly wage has not been reduced by his accident-related injuries. Plaintiff returned to work full-time in the same position — same salary — as manager. Plaintiff's detached retinas in both eyes and his resulting blindness finally led plaintiff to stop work, and as previously found, these problems were not caused by plaintiff's work-related accident. Therefore, plaintiff is not entitled to any compensation for temporary partial disability. N.C.G.S. 97-30.
3. The plaintiff has sustained damage to an important internal or external organ of his body for which compensation is due in the contemplation of section 97-31(24) of the Act.
G.S. 97-31(24) reads as follows:
 In the case of the loss of or permanent injury to any important external or internal organ or party of the body for which no compensation is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed twenty thousand dollars ($20,000.00.)
Plaintiff's loss of or permanent injury to an important internal organ may reasonably be expected to reduce plaintiff's wage-earning capacity, which would entitle plaintiff to the following compensation:
a.) $5,000.00 for damage to the fifth nerve of plaintiff's face.
b.) $5,000.00 for the Class III dental occlusion and
c.) $5,000.00 for the damage between the upper lip and the nasal area causing an oral fistula. N.C.G.S. 97-24.
d.) Pursuant to Finding of Fact # 22 (d), plaintiff's request for compensation for damage to the seventh nerve is HEREBY DENIED.
4. The plaintiff is entitled to the payment of future medical expense which may tend to give relief or effect a cure with respect to the malocclusion of plaintiff's mouth and the thrombosis of plaintiff's left leg resulting from the injury of October 14, 1987. N.C.G.S. 97-25.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. The defendant shall pay all present, past and future medical expenses resulting from said injury of October 14, 1987 with respect to plaintiff's malocclusion and thrombosis which may tend to give relief from or effect a cure of said conditions when the same have been presented to the Commission through the Carrier and approved by said Commission.
2. Defendant shall pay the following pursuant to G.S.97-31(24):
a.) $5,000.00 for damage to the fifth nerve of plaintiff's face;
b.) $5,000.00 for the Class III dental occlusion; and
c.) $5,000.00 for the damage between the upper lip and the nasal area, causing an oral fistula.
3. A reasonable attorney's fee of twenty-five percent (25%) is hereby approved for plaintiff's counsel for his services to the plaintiff in this case, payment of which is to be deducted from the sum payable to plaintiff and to be paid directly to plaintiff's counsel.
4. The defendant shall pay the costs.
This the __________ day of ________________________, 1994.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
S/ ___________________________ GREGORY M. WILLIS DEPUTY COMMISSIONER
JHB/nwm 11/29/94